1
2
3
4
5
6
7
8           **IN THE UNITED STATES DISTRICT COURT**
9           **FOR THE EASTERN DISTRICT OF CALIFORNIA**
10
11
12 ROBERT JOHN VILLARINO II,          CASE NO. 1:13-CV-00212-LJO-BAM
13          Plaintiff,          **ORDER ON MOTION TO DISMISS**
        vs.          (Doc. 7)
14 SOCIAL SECURITY ADMINISTRATION
et al.,
15
16          Defendants.
17 _____/
18              **I. INTRODUCTION**
19     In this action, pro se plaintiff Robert John Villarino, II ("Mr. Villarino") alleges defamation, libel,
20 eviction, and intentional infliction of emotional distress claims against defendants the Social Security
21 Administration ("SSA") and the United States (collectively "defendants"). Now before the Court is
22 defendants' motion to dismiss Mr. Villarino's complaint with prejudice pursuant to FED. R. CIV. P.
23 12(b)(1), (6). Defendants seek to dismiss this action as barred by res judicata. Alternatively, defendants
24 argue that dismissal is warranted because this Court lacks subject matter jurisdiction and the complaint
25 fails to state a claim or facts upon which relief may be granted. The motion is unopposed. For the
26 reasons discussed below, this Court GRANTS defendants' motion.
27
28

## II. BACKGROUND

**A. *Villarino I*[1]**

On February 3, 2012, Mr. Villarino filed a pro se form complaint against the SSA Commissioner in state court which was removed to this Court on March 22, 2012.  Construing the complaint liberally, this Court construed the complaint as alleging negligence, civil rights, eviction, and withholding of social security benefits claims.  This Court dismissed the complaint without leave to amend for lack of jurisdiction because Mr. Villarino failed to exhaust his administrative remedies.  The Court also dismissed the complaint for failure to state a claim because the complaint was vague and failed to allege facts to support the causes of action.

**B. *Villarino II*[2]**

On December 2, 2011, Mr. Villarino filed a pro se form complaint against the SSA Commissioner in state court which was removed to this Court on July 26, 2012.[3]  Mr. Villarino again alleged negligence, civil rights, and withholding of social security benefits claims.  This Court dismissed the complaint with prejudice sua sponte based on res judicata.  The Court determined that the issues and claims in *Villarino I* and *Villarino II* were identical because both actions were based on Mr. Villarino's allegation that he did not receive his social security benefits due to mail delivery problems.  The Court further found that the complaint failed to comply with FED. R. CIV. P. 8 because it lacked cognizable legal claims and contained insufficient factual allegations.  In addition, the Court determined that it lacked subject matter jurisdiction based on Mr. Villarino's failure to exhaust his administrative remedies.

**C. The Instant Case**

On June 1, 2012, Mr. Villarino returned to state court and filed another form complaint based on the alleged suspension of his social security benefits.  This time Mr. Villarino alleges defamation, libel, eviction, and intentional infliction of emotional distress claims against the SSA and SSA employees Diane Gomez and John Yang.  On February 8, 2013, defendants removed the action to this

---

[1] Case No. 12-cv-00425-LJO-BAM

[2] Case No. 12-cv-01225-LJO-BAM

[3] Although *Villarino II* was filed in state court before *Villarino I*, removal was delayed because the United States Attorney's Office was not aware of *Villarino II* until July 13, 2012.  (Case No. 12-cv-01225-LJO-BAM: Doc. 1, p. 2).

Court.  Attached to the order of removal  is a "Certificate of Scope of Employment" from the Attorney General which certifies that Ms. Gomez and Mr. Yang were acting within the scope of their employment at the time of the events alleged in the complaint.  Thus, pursuant to 28 U.S.C. § 2679(d)(1), the United States substitutes Ms. Gomez and Mr. Yang as a party defendant.

Now before the Court is defendants' FED. R. CIV. P. 12(b)(1), (6) motion to dismiss Mr. Villarino's complaint with prejudice filed on February 15, 2013.  (Doc. 7).  Defendants seek to dismiss this action as barred by res judicata.  Alternatively, defendants argue that dismissal is warranted because this Court lacks subject matter jurisdiction and the complaint fails to state a claim or facts upon which relief may be granted.  The motion is unopposed.  This Court VACATES the March 20, 2013, hearing or oral argument, pursuant to Local Rule 230(g).

### III. LEGAL STANDARDS

#### A. FED. R. CIV. P. 12(b)(1) Standard

In considering a motion to dismiss for lack of subject matter jurisdiction, the plaintiff, as the party seeking to invoke the court's jurisdiction, always bears the burden of establishing subject matter jurisdiction.  *Tosco Corp. v. Cmty. for Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001).  The court presumes a lack of subject matter jurisdiction until the plaintiff proves otherwise.  *See Kokkonen v. Guardian Life Ins. Co. of America*, 114 S. Ct. 1673, 1675 (1994).

The court must also consider whether the motion to dismiss is "facial, confining the inquiry to allegations in the complaint, or factual, permitting the court to look beyond the complaint." *Savage v. Glendale Union High Sch.*, 343 F. 3d 1036, 1039-40 n.2 (9th Cir. 2003); *see also White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).  In the facial attack, a party challenges subject matter jurisdiction by asserting that the allegations in the complaint are insufficient on their face to invoke federal jurisdiction. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  In this case, the court must consider the allegations of the complaint as true.  *See Thornhill Publ'g Co., Inc. v. Gen. Tel. & Elec. Corp.,* 594 F.2d 730 (9th Cir. 1979).  In a factual challenge, the truth of the allegations, which would otherwise invoke subject matter jurisdiction, is challenged.  In this circumstance, this Court "is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." *McCarthy v. United States*, 850 F.2d

3

1    558, 560 (9th Cir. 1988).

2        Defendants present a factual challenge to Mr. Villarino's complaint.  In a factual challenge, the
3    truth of the allegations, which would otherwise invoke subject matter jurisdiction, is challenged and this
4    Court "is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and
5    testimony, to resolve factual disputes concerning the existence of jurisdiction." *Id*.  "Once the moving
6    party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence
7    properly brought before the court, the party opposing the motion must furnish affidavits or other
8    evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage*, 343 F.3d
9    at 1039-40 n.2.

10   **B. FED. R. CIV. P. 12(b)(6) Standard**

11       A motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6) is a challenge to the sufficiency of
12   the allegations set forth in the complaint.  A FED. R. CIV. P. 12(b)(6) dismissal is proper where there is
13   either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable
14   legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).  In considering a
15   motion to dismiss for failure to state a claim, the court generally accepts as true the allegations in the
16   complaint, construes the pleading in the light most favorable to the party opposing the motion, and
17   resolves all doubts in the pleader's favor.  *Lazy Y. Ranch LTD v. Behrens,* 546 F.3d 580, 588 (9th Cir.
18   2008).

19       To survive a FED. R. CIV. P. 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts
20   to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570
21   (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court
22   to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v.*
23   *Iqbal*, 129 S. Ct. 1937, 1949 (2009).  "The plausibility standard is not akin to a 'probability
24   requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.
25   (quoting *Twombly*, 550 U.S. at 556).  "Where a complaint pleads facts that are 'merely consistent with'
26   a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to
27   relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

28       "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual

4

1   allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more

2   than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."

3   *Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).  Thus, "bare assertions . . . amount[ing]

4   to nothing more than a 'formulaic recitation of the elements' . . . are not entitled to be assumed true."

5   *Iqbal*, 129 S. Ct. at 1951.  A court is "free to ignore legal conclusions, unsupported conclusions,

6   unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Farm*

7   *Credit Serv. v. American State Bank*, 339 F.3d 764, 767 (8th Cir. 2003) (citation omitted).  Moreover,

8   a court "will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails

9   to plead sufficiently all required elements of a cause of action." *Student Loan Marketing Ass'n v. Hanes*,

10  181 F.R.D. 629, 634 (S.D. Cal. 1998).  In practice, "a complaint . . . must contain either direct or

11  inferential allegations respecting all the material elements necessary to sustain recovery under some

12  viable legal theory." *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d

13  1101, 1106 (7th Cir. 1984)).  To the extent that the pleadings can be cured by the allegation of additional

14  facts, the plaintiff should be afforded leave to amend.  *Cook, Perkiss and Liehe, Inc. v. Northern*

15  *California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (citations omitted).

16                                    **IV. DISCUSSION**

17  **A. Res Judicata**

18          Defendants argue that Mr. Villarino's complaint should be dismissed on the ground of res

19  judicata because Mr. Villarino raises claims that were or could have been raised in his two prior lawsuits.

20  This Court agrees and finds that Mr. Villarino's claims are barred by res judicata.

21          "Under res judicata, a final judgment on the merits of an action precludes the parties or their

22  privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*,

23  449 U.S. 90, 94 (1980).  "Res judicata, or claim preclusion, prohibits lawsuits on any claims that were

24  raised *or could have been raised* in a prior action." *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir.

25  2002) (internal quotation marks omitted) (emphasis in original).  "Claim preclusion applies if there is

26  (1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between parties."

27  *Providence Health Plan v. McDowell*, 385 F.3d 1168, 1174 (9th Cir. 2004) (internal quotation marks

28  and citations omitted).

**1. Identity of Claims**

In determining whether the instant action concerns the same claims as the prior action, the Ninth Circuit considers:

> (1) Whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.  The last of these criteria is the most important.

*Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1052 (9th Cir. 2005) *citing Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201-02 (9th Cir. 1982).

Here, an identity of claims exists because all three lawsuits arise out of the same transactional nucleus of facts.  In all three actions, Mr. Villarino premised his claims on the allegation that he did not receive his social security benefits due to mail delivery problems.  Because all three actions arise out of the same transactional nucleus of facts, Mr. Villarino could have raised his defamation, libel, and intentional infliction of emotional distress claims in the prior actions just as he previously raised his eviction claim in *Villarino I*.

**2. Final Judgment on the Merits**

A final judgment on the merits exists because *Villarino II* was dismissed with prejudice.  *See Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 686 (9th Cir. 2005) (recognizing that a dismissal with prejudice is synonymous with "final judgment on the merits").

**3. Privity Between Parties**

Privity between the parties exists when the parties in both actions are identical.  *See Tahoe-Sierra Pres. Council v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1081 (9th Cir. 2003).  In *Villarino I* and *II*, Mr. Villarino sued the Commissioner of Social Security.  In *Villarino II*, the United States substituted itself as defendant, pursuant to 28 U.S.C. § 2679.  Here, Mr. Villarino names the SSA and two of its employees as defendants.  The proper defendant in a civil action against the SSA is the Commissioner of the SSA.  *See* 20 C.F.R. § 422.210(d) ("Where any civil action [against the SSA] is instituted, the person holding the Office of the Commissioner shall, in his official capacity, be the proper defendant.").  Thus, just as in the prior actions, Mr. Villarino has filed suit against the Commissioner of the SSA.  With

regard to the two SSA employees, the United States substitutes itself as a defendant in this action, pursuant to 28 U.S.C. § 2679.  Thus, privity between the parties exists because in all three actions the Commissioner of the SSA and the United States were named or substituted as defendants.  *See Tahoe-Sierra Pres. Council*, 322 F.3d at 1081 (recognizing that privity between the parties exists when the parties in both actions are identical).

Because there is an identity of claims, a final judgment on the merits, and privity between the parties, claim preclusion applies and Mr. Villarino's claims are barred.  *See Stewart*, 297 F.3d at 956 ("claim preclusion[] prohibits lawsuits on any claims that were raised or could have been raised in a prior action") (internal quotation marks and italics omitted).

**B. Lack of Subject Matter Jurisdiction**

Even if plaintiff's claims were not barred by res judicata this Court lacks subject matter jurisdiction because Mr. Villarino has failed to exhaust his administrative remedies and defendants have not waived their sovereign immunity.

"The United States can be sued only to the extent that it has waived its sovereign immunity." *Baker v. United States*, 817 F.2d 560, 562 (9th Cir. 1987), *cert. denied*, 487 U.S. 1204 (1988).  "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."  *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994).  The Federal Tort Claims Act ("FTCA") is a "limited waiver of sovereign immunity, making the Federal Government liable to the same extent as a private party for certain torts of federal employees acting within the scope of their employment."  *United States v. Orleans*, 425 U.S. 807, 813 (1976).  However, the waiver is expressly limited and must be strictly construed.  *Vacek v. United States Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir. 2006).  For instance, the express language of the FTCA bars claims arising out of libel or slander.  28 U.S.C. § 2680; *see also Roundtree v. United States*, 40 F.3d 1036, 1039 n.2 (9th Cir. 1994) (holding that "defamation . . is barred by the express language of the FTCA").  In addition, no suit may be maintained under the FTCA in the absence of filing an administrative claim.  28 U.S.C. § 2675; *McNeil v. United States*, 508 U.S. 106, 107 (1993).

Mr. Villarino alleges defamation, libel, intentional infliction of emotional distress, and eviction claims.  This Court lacks subject matter jurisdiction with regard to these claims because Mr. Villarino

has failed to exhaust his administrative remedies.  A search of the SSA's FTCA records shows that Mr. Villarino has not filed an administrative tort claim against Ms. Gomez or Mr. Yang.  (Doc. 7-2). Accordingly, Mr. Villarino's failure to exhaust his administrative remedies deprives this Court of jurisdiction.  *See Jerves v. United States*, 966 F.2d 517, 521 (9th Cir. 1992) ("the administrative claim requirements of Section 2675(a) are jurisdictional in nature, and thus must be strictly adhered to"). Moreover, even if Mr. Villarino were to exhaust his administrative remedies his defamation and libel claims are barred by the doctrine of sovereign immunity because the plain language of the FTCA's limited sovereign immunity waiver does not apply to defamation and libel claims.  *See* 28 U.S.C. § 2680; *see also Roundtree*, 40 F.3d at 1039 n.2.

**C. Failure to State a Claim**

Finally, defendants assert that Mr. Villarino's complaint should be dismissed for failure to state a claim because he fails to allege facts from which a plausible cause of action could be recognized.  This Court agrees.  When a complaint is "vague, conclusory, and general and does not set forth any material facts in support of the allegations," dismissal is proper.  *North State Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 583 (9th Cir. 1983).  Here, Mr. Villarino fails to allege any facts to support his claims.  The only factual allegation included in Mr. Villarino's filings is a statement which provides that his social security benefits were returned to the Social Security office by a law enforcement officer and that he does not know why his benefits were suspended.  This allegation does not support Mr. Villarino's defamation, libel, eviction, or intentional infliction of emotional distress claims.  Thus, Mr. Villarino's complaint is dismissed on the independent basis that he has failed to state a claim, pursuant to FED. R. CIV. P. 12(b)(6).

**V. CONCLUSION AND ORDER**

For the reasons discussed above, this Court:

1.    VACATES the March 20, 2013, hearing or oral argument, pursuant to Local Rule 230(g);

2.    GRANTS defendants' motion to dismiss;

3.    DISMISSES this action with prejudice; and

4.    DIRECTS the clerk to enter judgment in favor of defendants Commissioner of Social Security and the United States of America and against plaintiff Robert John Villarino II

1   and to close this action.

2

3

4

5

6

7

8

9

10

11   IT IS SO ORDERED.

12   **Dated:**   **March 13, 2013**           **/s/  Lawrence J. O'Neill**
     UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28